UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                        |   |                                   |
|------------------------|---|-----------------------------------|
| NORMAN REID,           | : |                                   |
|                        | : | Civil Action No. 07-4289 (MLC)    |
|           Petitioner,  | : |                                   |
|                        | : |                                   |
|        v.              | : |         **O P I N I O N**         |
|                        | : |                                   |
| MICHELLE RICCI, et al.,| : |                                   |
|                        | : |                                   |
|         Respondents.   | : |                                   |

**APPEARANCES:**

NORMAN REID, Petitioner pro se, #289101 SBI #653684B
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER**, District Judge

Petitioner, Norman Reid, who is confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his New Jersey state court sentence.  After the respondents filed their answer to the habeas petition on April 4, 2008, Reid moved, on or about May 21, 2008, to stay or hold the petition in abeyance so that he could exhaust his federal claims in state court.  For the reasons stated herein, the motion will be denied.

## I.  BACKGROUND

Reid was indicted on charges of murder, possession of a weapon for an unlawful purpose, possession of a handgun without a permit, and possession of a firearm by a convicted felon.  He was tried by a jury in January 1997, on the first three counts.  The charge of possession of a firearm by a convicted felon was severed from the trial.  The jury acquitted Reid on the charge of murder,

but found him guilty of aggravated manslaughter, and the two
weapons charges.  Reid then pled guilty to the severed count of
possession of a firearm by a convicted felon.

Reid was sentenced on March 21, 1997.  The State moved to
have Reid sentenced to an extended term, as he was a persistent
offender.  The State's motion was granted, and the sentencing
court imposed a prison term of life with a 25-year parole
ineligibility period as to Reid's conviction for aggravated
manslaughter.[1]  A consecutive term of ten years in prison with a
five-year period of parole ineligibility was imposed on the
conviction for possession of a firearm by a convicted felon.
Consequently, the aggregated sentence was life imprisonment with
a 30-year period of parole ineligibility.

Reid appealed his conviction and sentence to the New Jersey
Appellate Division.  On July 1, 1999, the Appellate Division
affirmed the convictions, but remanded for resentencing.  The New
Jersey Supreme Court denied certification on October 25, 1999.
On November 25, 1999, Reid petitioned for post-conviction relief
("PCR") in state court, alleging prosecutorial misconduct and
ineffective assistance of counsel.  The PCR petition was denied
on December 8, 2000.  Reid appealed from the court's decision,
and the Appellate Division affirmed denial of the PCR petition on
November 26, 2003.

---

[1]  The other weapons charges were merged into the aggravated
manslaughter conviction for purposes of sentencing.

2

On December 8, 2000, the trial court on remand resentenced Reid to the same sentence as earlier imposed.  The court noted that at the time of the original sentencing, the court would have imposed the same sentence irrespective of any presumptive term. On June 28, 2004, the Appellate Division granted leave nunc pro tunc for Reid to appeal his resentencing of December 8, 2000. This appeal was pending when the New Jersey Supreme Court issued State v. Natale, 184 N.J. 458 (2005).  Consequently, on September 22, 2005, the Appellate Division again remanded for a sentence rehearing pursuant to the Natale decision.

A resentencing hearing was held, and on November 10, 2005, and the same sentence was imposed on this second remand.  Reid appealed, and the Appellate Division affirmed the resentence on June 19, 2006.  The New Jersey Supreme Court denied certification on September 27, 2006.  The United States Supreme Court denied Reid's petition for certiorari on April 16, 2007.

Reid filed this habeas petition on or about September 4, 2007, and the State responded on April 4, 2008.  Reid filed his objections to the State's response on May 20, 2008.  He then moved to stay these habeas proceedings on May 21, 2008, and filed a supplemental letter brief in support on June 20, 2008.

## II.  STATEMENT OF CLAIMS

Reid raises the following claims for habeas relief:

3

Ground One: Petitioner's extended-term sentence violates the Sixth Amendment because it was based on a fact, other than a prior conviction, not found by a jury beyond a reasonable doubt.

Ground Two: Petitioner's ordinary-term sentence violates the Ex Post Facto Clause of the United States Constitution.

The State contends that the petition is without merit and should be denied for failure to show a federal constitutional deprivation.[2]  The State, in response to Reid's motion for a stay of his habeas proceedings, confirms that he did file a state PCR petition on or about February 11, 2008, but the state court denied it on March 26, 2008, on the ground that the claims raised were procedurally barred pursuant to N.J.Ct.R. 3:22-5 because they were expressly adjudicated on the merits in a prior proceeding.

## III.   DISCUSSION

Reid seeks a stay of his habeas proceedings so that he can return to state court to exhaust his state court remedies.  His motion did not indicate the claims he intended to bring before the state court.  (See Docket Entry No. 14).  On or about June 20, 2008, Reid submitted a supplemental letter brief to the Court in support of his motion for a stay.  He admits that he filed a PCR petition in state court, on February 11, 2008, asserting

---

[2]  The State also contends that the habeas petition is time-barred, but offers no factual argument for this defense.  This Court finds, based on the procedural history set forth by Reid and the State, that the petition is timely.

4

grounds and supporting facts identical to the claims he asserts in his pending federal habeas petition.  Reid further admits that the state court denied his state PCR petition on March 26, 2008. He does not indicate whether he intends to appeal the state trial court's decision to the New Jersey Appellate Division.

"Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition." Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004).  Indeed, "when an outright dismissal could jeopardize the timeliness of a collateral attack, a stay is the only appropriate course of action."  Id. at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  ...  [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.
>
> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition.  ...  For the same reason, if a petitioner presents a district court with a mixed petition and the

> court determines that stay and abeyance is
> inappropriate, the court should allow the petitioner to
> delete the unexhausted claims and to proceed with the
> exhausted claims if dismissal of the entire petition
> would unreasonably impair the petitioner's right to
> obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. at 278; see Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.") (citations omitted).

Both the State and Reid himself here admit that (1) the claims to be exhausted in state court have been presented to the state court for review in a PCR petition, and (2) this recent PCR petition was denied on the procedural grounds that the claims were barred because they were expressly adjudicated on the merits in a prior proceeding.

Consequently, under these circumstances, this Court finds that it would be an abuse of discretion to grant a stay in this

matter.  See Rhines, 544 U.S. at 276-78.  The claims asserted have been adjudicated in state court, and Reid does not indicate any further issues that require exhaustion in state court before this Court may consider the federal habeas petition now pending before this Court.  Therefore, Reid's motion for a stay of his habeas proceedings is denied, and this matter will be reviewed on the merits.

### IV.  CONCLUSION

For the foregoing reasons, Reid's motion for a stay of his habeas proceedings while he exhausts his state court remedies will be denied.  An appropriate Order follows.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:    December 29, 2008